

**FILED**
**FEBRUARY 14, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN LAWRENCE, | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION CAUSE NUMBER |
| v. | § | |
| | § | 2:07-CV-0126-J |
| WAL-MART ASSOCIATES, INC., | § | |
| | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER DENYING LEAVE TO AMEND

Before the Court is Plaintiff's opposed motion, filed January 21, 2008, for leave to file an amended complaint adding a new claim. For the following reasons this motion is denied.

Rule 15(a) instructs that leave shall be freely given when justice so requires and "evinces a bias in favor of granting leave." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). In exercising its discretion whether or not to allow amendments, the district court may consider such factors as "undue delay, ... dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment," and "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Plaintiff seeks leave to add one new Title VII claim: Wal-Mart's alleged refusal to rehire Plaintiff to a position for which he was qualified. Defendant opposes the new claim because it is undisputed that Plaintiff never sought to be rehired by Wal-Mart and, in his deposition, he testified that when he was initially approached by Wal-Mart about taking a lesser position Plaintiff declined to consider a new position at Wal-Mart because he needed more income than that position paid. Plaintiff further testified in his deposition that he did not want to work for Wal-Mart again because

it would be "embarrassing," and he because did not like what he perceived as Wal-Mart's unfriendly employment policies. Finally, Defendant opposes the new claim because it was never presented to the EEOC, the time to do so has long passed, and it would be futile to now assert a stale claim.

An EEO claim may be barred by the statute of limitations if the charge received by the EEOC is not both timely and sufficient to state a specific discrimination charge, and sufficient to trigger an EEOC investigation into the form of discrimination alleged against the employer. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462-65 (5th Cir. 1970); 42 U.S.C. § 2000e-5(e); 29 C.F.R. §1601.13 (1990). To be timely in Texas, a charge alleging a violation of Title VII must be filed within 300 days of the adverse employment action. 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.013 (1990). All conditions precedent to the filing of the EEOC claim in federal court must have been either fulfilled or waived by the Defendant. *General Tel. Co. v. EEOC*, 446 U.S. 318, 323-31, 100 S.Ct. 1698, 1703-06, 64 L.Ed.2d 319 (1980); *Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447, 449-52 (5th Cir.), *cert. denied,* 464 U.S. 828 (1983).

Plaintiff alleges that he was terminated on July 21, 2006. He filed his original EEO charge of discrimination on October 10, 2006. That original charge did not assert any "refusal to rehire" allegations./[1] The 300-day time limit for filing EEO charges expired during May, 2007. Plaintiff filed this lawsuit on June 25, 2007, and sought leave to add his new claim on January 21, 2008.

Plaintiff did not timely assert the new "refusal to rehire" claim in his EEOC proceedings. It is clear that the new claim is now time barred. Wal-Mart has not waived its limitations defense.

The court may denying leave to amend to assert a claim because the theory presented in the

---

[1] Plaintiff asserts that he filed a "supplemental" EEO charge on June 27, 2007. Even though the Defendant asserts that the supplemental charge was never received by the EEOC, it is not disputed that the supplemental charge also did not contain any "refusal to rehire" allegation.

amendment "lacks legal foundation." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). *See, e.g., Pan-Islamic Trade Corp. v. Exxon*, 632 F.2d 539, 546 (5th Cir. 1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981). That is the case here and, for that reason, leave to amend to add this new claim is denied.

In addition, the new claim appears to lack any evidentiary foundation. Plaintiff's deposition testimony was that when approached he declined to consider a new position at Wal-Mart, and that he does not want to work for Wal-Mart again in any position. Plaintiff does not allege that he changed his mind and applied to be rehired, even though he says he is eligible for rehire. For this addition reason leave to amend to add the "refusal to rehire" claim is denied.

It is SO ORDERED.

Signed this the 14th day of February, 2008.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE